IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BROOKDALE SENIOR LIVING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-00308 |
| | ) | |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Griffin |
| GARY DEMPSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Gary Dempsey's Emergency Motion to Dismiss Under Rule 12(b)(6) ("Motion") (Doc. No. 23), which was accompanied by five attachments (Doc. Nos. 23-1 to 23-5). Plaintiff Brookdale Senior Living, Inc. has filed a Response to Defendant's Motion. (Doc. No. 26.) Defendant thereafter filed a Reply in support of his Motion (Doc. No. 32), and Plaintiff filed a Sur-Reply (Doc. No. 35). For the reasons given herein, Defendant's Motion is **GRANTED**.

I. BACKGROUND

*A. Factual Background*[1]

Plaintiff is a Delaware corporation that operates more than 645 senior living, assisted living, and retirement communities. Plaintiff's principal place of business is Brentwood, Tennessee. Defendant, allegedly a resident of Texas, is a former employee of Plaintiff, having worked as a Sales and Marketing Manager from July of 2009 to March of 2010.

On June 12, 2009, when Plaintiff hired Defendant, Defendant allegedly signed an offer letter that provided as follows: "You will be offered a binding arbitration agreement. If you

---

[1] The allegations in this section are taken from Plaintiff's Complaint (Doc. No. 1), unless otherwise noted.

1

choose not to sign that agreement and begin working, you will still be bound by the binding arbitration agreement, as binding arbitration is a condition of employment with Brookdale." Subsequently, on December 15, 2009, Defendant signed a document called "Employment Binding Arbitration Agreement" ("Agreement"). The Agreement provided as follows:

> As a condition of your employment here, you agree that any controversy or claim arising out of or relating to your employment relationship with us or the termination of that relation, must be submitted for final and binding resolution by a private impartial arbitrator, to be jointly selected by you and us.

On February 22, 2012, Defendant allegedly filed an Online Demand for Arbitration/Mediation and a Notice of Arbitration and Demand for Class Arbitration with the American Arbitration Association ("AAA"), asserting claims under the Fair Labor Standards Act (FLSA). Plaintiff alleges that Defendant purported to file these documents on behalf of himself and other similarly situated individuals, and that Defendant sought certification of an opt-out class. The AAA allegedly acknowledged receipt of the documents, assigned a case number to Defendant's claim, and has begun processing his claim.

  B. *Procedural Background*

Plaintiff initiated this lawsuit on March 27, 2012. (Doc. No. 1.) Plaintiff brings two claims against Defendant: first, a claim seeking a judicial declaration under the Declaratory Judgment Act that Plaintiff has a right not to be subjected to class, collective, or multi-claimant arbitration proceedings (*id.* ¶¶ 13-19); and, second, a claim for a stay of the arbitration until the Court issues its declaratory ruling (*id.* ¶¶ 20-21).

On April 4, 2012, Defendant filed the pending Motion (Doc. No. 23), along with five attachments (Doc. Nos. 23-1 to 23-5). On April 10, 2012, Plaintiff filed a Response. (Doc. No.

2

26.) On April 16, 2012, Defendant filed a Reply (Doc. No. 32), and Plaintiff filed a Sur-Reply on April 24, 2012 (Doc. No. 35).

## II.  LEGAL STANDARD

To withstand a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must allege "[e]nough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Plausibility requires "[m]ore than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint that pleads facts "'[m]erely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of entitlement to relief." *Id*. (quoting *Twombly,* 550 U.S. at 546).

When ruling on a defendant's motion to dismiss, the Court must "[c]onstrue the complaint liberally in the Plaintiffs' favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). The Court must allow "[a] well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly,* 550 U.S. at 556.

Additionally, while the Court will not generally consider matters outside of the pleadings when ruling on a motion to dismiss, "the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (citing *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th

Cir. 2003); *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360-61 (6th Cir. 2001)). Furthermore, any documents that are "attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

### III. ANALYSIS

The sole issue before the Court is whether the Supreme Court's ruling in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003) (plurality opinion), necessitates the dismissal of Plaintiff's claim on the grounds that an arbitrator, rather than the Court, must determine whether the parties' Agreement has foreclosed the possibility of class arbitration. In his Motion, Defendant argues that it does. (Doc. No. 23 at 4-5.) Plaintiff, however, asserts that the Supreme Court's subsequent decision in *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758 (2010), stands for the proposition that the Court should be the one to make such a determination. (Doc. No. 26 at 5.) Plaintiff cites to several district court cases to support this interpretation. (*Id.* at 8-10.) In his Reply, Defendant disputes this characterization of *Stolt-Nielsen* and cites to several post-*Stolt-Nielsen* cases that have held that an arbitrator is the proper decisionmaker. (Doc. No. 32 at 2-3.) In its Sur-Reply, Plaintiff acknowledges that there is a split in authority regarding the effect of *Stolt-Nielsen* on *Bazzle*, and urges the Court to adopt its interpretation, as opposed to the position advocated by Defendant. (Doc. No. 35 at 2-3.)

In *Bazzle*, a plurality of the Supreme Court ruled that the question of whether an arbitration agreement forbids class arbitration "is a matter for the arbitrator to decide." 539 U.S. at 447. In doing so, the plurality noted that courts assume that parties intended for courts, rather

4

than arbitrators, to have the power "to decide a particular arbitration-related matter," including "gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Id.* at 452. With this in mind, the plurality determined that the question of "whether the contracts forbid class arbitration" was really a question of "what *kind of arbitration proceeding* the parties agreed to," and thus did not fall within the "narrow exception" of issues suited for judicial determination. *Id.* at 452 (emphasis in original). The plurality explained that the issue "concerns contract interpretation and arbitration procedures," and pointed to the "arbitration contracts' sweeping language concerning the scope of the questions committed to arbitration,"[2] and thus concluded that "this matter of contract interpretation should be for the arbitrator, not the courts, to decide." *Id.* at 453. As a result, the Court remanded the case for the arbitrator to decide this preliminary issue. *Id.* at 454. In his brief concurring opinion, Justice Stevens stated that, "[a]rguably the interpretation of the parties' agreement should have been made in the first instance by the arbitrator, rather than the court." *Id.* at 455 (Stevens, J., concurring).

In *Stolt-Nielsen*, the Supreme Court discussed *Bazzle* in light of what it considered to be the parties' misunderstanding of that case. The Court noted that "only the plurality decided" the question of whether a court or arbitrator should decide whether arbitration agreements were "silent" on the issue of class arbitration. 130 S. Ct. at 1772. Importantly, however, the *Stolt-Nielsen* Court stated that they would "not revisit that question . . . because the parties' supplemental agreement expressly assigned this issue to the arbitration panel, and no party argues that this assignment was impermissible." *Id.* The Court then devoted much of its criticism of the parties' interpretation of *Bazzle* to another issue, "that [*Bazzle*] established the

---

[2] In *Bazzle*, "the parties agreed to submit to the arbitrator 'all disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract.'" *Id.* at 451.

standard to be applied by a decision maker in determining whether a contract may permissibly be interpreted to allow class arbitration." *Id.* The Court explained that "*Bazzle* did not establish the rule to be applied in deciding whether class arbitration is permitted," but rather, "*Bazzle* left that question open," and thus the Court proceeded to resolve that issue in *Stolt-Nielsen* itself. *Id.*

As noted by Defendant, numerous courts have continued to apply the plurality's ruling in *Bazzle* even after *Stolt-Nielsen* was decided. A decision from the Eastern District of New York, *Guida v. Home Savings of America, Inc.*, 793 F. Supp. 2d 611 (E.D.N.Y. 2011), is instructive for its detailed analysis of this issue and discussion of post-*Stolt-Nielsen* cases. In *Guida*, the court determined that "*Stolt-Nielsen* is consistent with *Bazzle*" because, "while *Stolt-Nielsen* pointed out that *Bazzle* did not have the same precedential value as an opinion by a majority of the Court, it did not indicate that the plurality opinion in *Bazzle* was incorrect on the issue of who decides whether a class can arbitrate a dispute." *Id.* at 615-16. The court noted that "many courts since *Stolt-Nielsen* have continued to follow *Bazzle*'s conclusion that the ability to arbitrate on a class basis is a procedural question left for the arbitrator to decide." *Id.* at 617.

The Eastern District of New York then discussed *Vilches v. The Travelers Companies, Inc.*, 413 F. App'x 487 (3d Cir. 2011), which the Court also finds useful on this issue. In *Vilches*, the Third Circuit reasoned that "*Stolt-Nielsen* suggests a return to the pre-*Bazzle* line of reasoning on contractual silence, albeit decided by an arbitrator, because it focuses on what the parties agreed to – expressly or by implication." *Id.* at 492 n.3. The Third Circuit further cited to both *Bazzle* and *Stolt-Nielsen* in explaining that the issue of who gets to decide the availability of class arbitration is really a question of the type of arbitration proceedings the parties had agreed to, and such questions are for the arbitrator to decide. *Id.* at 492. Thus, in light of the

6

silence of the parties' arbitration agreement regarding glass arbitration, the Third Circuit referred that issue to an arbitrator for determination. *Id.* at 494.

Importantly, courts in this Circuit, including this District, have come to the same conclusion as the *Guida* and *Vilches* courts. For example, in *Aracri v. Dillard's, Inc.*, the Southern District of Ohio, amidst its discussion of *Stolt-Nielsen*, cited to *Bazzle* when stating that "the question of whether class arbitration is forbidden is initially a question of contract interpretation and should be decided in the first instance by an arbitrator." No. 1:10cv253, 2011 U.S. Dist. LEXIS 41596, at *10-11 (S.D. Ohio Mar. 29, 2011). Additionally, in *Smith v. The Cheesecake Factory Restaurants, Inc.*, Judge Haynes explicitly stated that the "issue as to whether the parties agreed to class arbitration is to be resolved by the arbitrator," citing to *Bazzle* immediately after citing to *Stolt-Nielsen*. No. 3:06-00829, 2010 U.S. Dist. LEXIS 121930, at *7-8 (M.D. Tenn. Nov. 16, 2010).

Having reviewed the decisions in *Bazzle* and *Stolt-Nielsen*, the Court believes that the interpretation suggested by Defendant and adopted by these courts is the correct approach. It is true that, in *Stolt-Nielsen*, the Supreme Court did not affirmatively hold that the arbitrator must decide whether the parties' arbitration agreement allows for class arbitration. However, the Court rejects Plaintiff's argument that the Supreme Court impliedly held that the issue is for a court to decide. (*See* Doc. No. 35 at 3-4.) Rather, the Supreme Court explicitly declined to revisit this question altogether, in light of the parties' explicit agreement that the arbitrator would make such a determination. 130 S. Ct. at 1772. Additionally, while Plaintiff makes much of the fact that the Supreme Court criticized the parties' reading of *Bazzle*, much of that criticism was reserved for the parties' interpretation of a different issue; namely, "the standard to be applied by a decision maker in determining whether a contract may permissibly be interpreted to allow class

arbitration." *Id.* Thus, the Court is not persuaded by Plaintiff's arguments regarding the effect of *Stolt-Nielsen* on the issue raised in Defendant's Motion. Rather, the Court agrees with Defendant that the issue is one for the arbitrator, and not this Court, to decide.

Additionally, as summarized above, numerous courts have come to the same conclusion, even after the *Stolt-Nielsen* decision was announced. Although Plaintiff has provided an opposing case from within this Circuit, *Reed Elsevier, Inc. v. Crockett*, No. 3:10cv248, 2012 U.S. Dist. LEXIS 23947 (S.D. Ohio Feb. 24, 2012), that decision is not binding on the Court, and the Court declines to follow its reasoning. The Court finds the reasoning of the courts in *Guida*, *Vilches*, and *Aracri* to be more persuasive and in line with the Court's own reading of *Stolt-Nielsen* and *Bazzle*. Moreover, as previously noted, in *Smith*, Judge Haynes explicitly stated that the "issue as to whether the parties agreed to class arbitration is to be resolved by the arbitrator." 2010 U.S. Dist. LEXIS 121930, at *7-8. The Court finds no basis to diverge from that ruling in light of other consistent authority.

In this case, the parties' Agreement is silent as to whether the Agreement allows for class arbitration. (*See* Doc. No. 23-2.) Additionally, the Agreement specifies that the arbitrator shall have the power to decide a broad category of issues, i.e. "any controversy or claim arising out of or relating to your employment relationship with us or the termination of that relationship." (*Id.* at 2.) Such language is very similar to the language in *Bazzle*, wherein "the parties agreed to submit to the arbitrator 'all disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract.'" 539 U.S. at 451. In light of these similarities, and given the above analysis of the relevant case law, the Court finds merit in Defendant's argument that the question of whether the parties' Agreement forbids class

8

arbitration is not properly before the Court, as it is a question that must be resolved by the arbitrator. Consequently, Defendant's Motion is **GRANTED**.

**IV.    CONCLUSION**

For the reasons given above, Defendant's Motion is **GRANTED**. This case is hereby **DISMISSED**.

It is so ORDERED.

Entered this the ___25th_____ day of April, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT